## DANIEL A. HILL v. GEORGE K. GOODRICH.

Where a wife, having a separate income, purchased solely upon her own credit suitable furniture for a house held for her by trustees, and occupied by herself and her husband, and subsequently died, having bequeathed the furniture to her husband, *held* that the vendor, who had thus sold the furniture to her with knowledge of the facts, could not recover for it of the husband in assumpsit.

ASSUMPSIT, for certain articles of furniture. It appeared that said

defendant had formerly been considered insolvent, but that his wife, now deceased, had property in her own right, or in the hands of a trustee, of which she had the income and profits; that the farm which she and the defendant had lived on, was in the hands of her trustee, and that she used the income thereof in supporting herself and family; that these facts were known to the plaintiff; that defendant's wife, in her lifetime, bought the furniture in question of plaintiff; that he chose to give the credit for the same to the wife, rather than the defendant; that he sold her the furniture upon credit, and that it was understood at the time by them both, that the credit was given to the wife, and the articles were charged directly to her, upon the plaintiff's book. Since then the defendant's wife has deceased, and this suit is brought against the defendant for that furniture. And it also appeared that the furniture was such as it was proper and necessary that the defendant or his wife should have, if they could get it, to furnish their dwelling-house, and that the wife, at her decease, left a will, in which this furniture with other property was given to the defendant, or left for his use and benefit.

Upon these facts the court ruled that the defendant was not liable, and ordered a nonsuit, and the plaintiff excepted.

*H. P. Rolfe*, for plaintiff.

*Minot & Mugridge*, for the defendant.

BARTLETT, J. As the furniture was sold to the wife solely upon her credit, the husband was not liable. 2 Kent 146; Clancy H. and W. 25, 26; Chit. Cont. 183; Story Cont. secs. 101, 103. Nor under these circumstances would the mere fact, if shown, that she used it with his knowledge and assent have tended to show a liability on his part, especially as she had a separate income. Story Cont. sec. 100; *Freestone* v. *Butcher*, 9. C. & P. 643.

The property came into the defendant's hands through no contract between him and the plaintiff, and even if he had taken it wrongfully from the plaintiff, the latter could not maintain assumpsit against him for it, in the absence of evidence that he had sold it. *Smith* v. *Smith*, 43 N. H. 539. It is immaterial whether by the transaction with the plaintiff, the wife incurred a debt to him, as the defendant would not as husband be liable to him, and is not sued as her executor or administrator, and is under no liability in this action as her legatee. *Ticknor* v. *Harris*, 14 N. H. 285. There must be

*Judgment on the nonsuit.*